UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| JENNIFER CALDERON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:06-cv-35-WGH-SEB |
| | ) | |
| JOYCE MELHISER and | ) | |
| STATE AUTO, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ON DEFENDANTS' MOTION TO DISMISS**

**Introduction**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on Defendants' Motion to Dismiss filed April 10, 2006. (Docket Nos. 12-13).[1]  Plaintiff filed her Response on May 16, 2006.  (Docket No. 18).  Defendants filed their Reply in Support on May 23, 2006.  (Docket No. 19).

**Background**

Plaintiff, Jennifer Calderon, is a Kentucky citizen and resident who was injured in an automobile accident in Clark County, Indiana, on April 7, 2004. (Complaint ¶¶ 1, 7).  The vehicle that Plaintiff was operating was struck by a vehicle owned and operated by Defendant Joyce Melhiser ("Melhiser"), an Indiana resident.  (Complaint ¶¶ 2, 7-8).  Defendant State Auto entered into an insurance

---

[1] The parties consented to Magistrate Judge jurisdiction in this case in their Case Management Plan filed August 11, 2006.  (Docket No. 20).  District Judge Sarah Evans Barker entered an Order of Reference on August 22, 2006.  (Docket No. 23).

contract with Melhiser covering the vehicle at issue in this case. (Complaint ¶ 9). Plaintiff filed her Complaint alleging that Melhiser was negligent in the operation of her vehicle. Plaintiff also includes in her Complaint a second count that alleges that State Auto failed to act in good faith in settling the claim in violation of Kentucky Revised Statute 304.12-230. (Complaint ¶ 16).[2] Defendants filed the pending Motion to Dismiss arguing that Count II of plaintiff's Complaint is without merit because Kentucky law does not apply.

The Court concludes that, for the following reasons, defendants' Motion to Dismiss should be denied.

## **Legal Standard**

When ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all well-pleaded factual allegations contained in the complaint, as well as the inferences reasonably drawn therefrom. *See Baxter by Baxter v. Vigo County School Corp.,* 26 F.3d 728, 730 (7th Cir. 1994). A dismissal is only appropriate if the plaintiff can establish no set of facts, even if hypothesized, consistent with the allegations of its complaint that would entitle it to relief. *See Sanjuan v. American Bd. Of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (7th Cir. 1994), *cert. denied,* 516 U.S. 1159 (1996). Moreover, the court

---

[2]A typographical error occurred in the Complaint. Hence, after paragraph nine in the Complaint the numerical sequence begins again at paragraph six and concludes with paragraph 14. For clarity's sake, the Court will refer to the paragraphs according to their order in the Complaint. Misnumbered paragraph six will be referred to as paragraph ten since it is actually the tenth paragraph. This renumbering will continue throughout the Complaint and will conclude with misnumbered paragraph 14 which will be referred to as paragraph 18 since it is the eighteenth paragraph.

must only examine the complaint, and not the merits of the lawsuit.  *See Autry v. Northwest Premium Services, Inc.,* 144 F.3d 1037, 1039 (7th Cir. 1998).

## Analysis

This is a suit based on the Court's diversity jurisdiction.  While a federal court sitting in diversity jurisdiction shall apply its own procedural laws, it must apply the substantive laws of the state in which it sits.  *Erie R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 822 82 L.Ed. 1188 (1938); *First Nat. Bank and Trust Corp. v. American Eurocopter Corp.,* 378 F.3d 682, 689 (7th Cir. 2004).  The Court must, therefore, apply Indiana substantive law.  However, '[i]f the laws of more than one jurisdiction arguably are in issue, *Erie* also requires a federal court to apply [the forum] state's choice of law rules."  *Jean v. Dugan,* 20 F.3d 255, 260-61 (7th Cir. 1994).  Thus, the Court must apply Indiana's choice of law rules.  However, in order to apply Indiana's choice of law rules it is important to first determine whether plaintiff's cause of action is grounded in tort or in contract.

Plaintiff has pled Count II of her Complaint as a tort under the Kentucky Unfair Claims Settlement Practices Act.  Specifically, the facts pled as relevant to Count II include that a Contract of Insurance existed between Melhiser and State Auto.  (Complaint ¶ 9).  State Auto was given timely notice of the liability claim of Plaintiff.  (Complaint ¶ 11).  A demand for settlement was transferred to State Auto by and through its authorized agent, Brandon Garretson.  (Complaint ¶ 13).  And, Garretson declined to offer a settlement in the case.  (Complaint ¶ 14).  Plaintiff alleges that State Auto "did fail and refuse to comply with the dictates of

KRS 304.12-230 and KRS 446.070, in that it failed to attempt to effect a prompt, fair and equitable settlement of this claim in which liability was clear as to [Melhiser]." (Complaint ¶ 16). This is clearly a claim that State Auto engaged in unfair settlement practices, and Indiana has indicated that failure to act in good faith in settling an insurance claim is a separate tort that is distinct from a breach of contract claim. *See Erie Ins. Co. v. Hickman by Smith,* 622 N.E.2d 515, 519 (Ind. 1993). Because Plaintiff has asserted a cause of action sounding in tort, the Court is obligated to apply Indiana's choice of law rules for torts.

In Indiana, the choice-of-law analysis for torts involves multiple inquiries. *Alli v. Eli Lilly and Co.,* ___ N.E.2d ___, 2006 WL 2684670 (Ind Ct. App. 2006). First, the Court must determine if there is a true conflict; that is, are there differences between the laws of the states that are "important enough to affect the outcome of the litigation"? *Simon v. U.S.,* 805 N.E.2d 798, 805 (Ind. 2004)(quoting *Hubbard Mfg. Co., Inc. v. Greeson,* 515 N.E.2d 1071, 1073 (Ind. 1987)). If there is a conflict between the laws of two states, there is a presumption that the traditional *lex loci delicti* rule applies and the Court will apply the substantive law of "the state where the last event necessary to make an actor liable for the alleged wrong takes place." *Hubbard,* 515 N.E.2d at 1073. This presumption may be overcome only if the Court determines that the place of the tort bears little connection to the legal action at issue. *Simon,* 805 N.E.2d at 805 (internal citations and quotations omitted).

In this case there is clearly a conflict between the laws of Indiana and Kentucky. Under Indiana law an insurance company owes a duty to act in good

faith toward its insured, but owes no such duty with respect to third party claimants. *Menefee v. Schurr,* 751 N.E.2d 757, 760 (Ind. Ct. App. 2001). Kentucky, however, does allow such third-party claims. *State Farm Mut. Auto. Ins. Co. v. Reeder,* 763 S.W.2d 116, 118 (Ky. 1988).

Because there is a true conflict, the Court must proceed to the presumption that we will apply the traditional *lex loci delicti* rule. In this instance, plaintiff alleges that State Auto engaged in unfair claims settlement practices by not attempting in good faith to effectuate prompt, fair and equitable settlement of a claim after liability had already become reasonably clear. Plaintiff asserts in her Response to Defendants' Motion to Dismiss Count II that the "undisputed" facts are that plaintiff was a resident of Kentucky, and State Auto was doing business in Kentucky, had its agents and employees situated in Kentucky, the claim was assigned to State Auto's Louisville claims office, and that all negotiations between Plaintiff and State Auto occurred in Kentucky.[3] Hence, Plaintiff is alleging that the "acts" that constitute unfair settlement practices were acts that took place in Kentucky and that Kentucky's Unfair Claims Settlement Practices Act must apply. Because the Court concludes that the place of the tort (where the unfair settlement practices took place) is essential to the legal action at issue, we will follow the presumption that the traditional *lex loci delicti* rule applies. And, because plaintiff has pled a set of facts that, if true, indicate that the tort occurred

---

[3] These "undisputed" facts are not supported by affidavit, nor do they appear in Plaintiff's Complaint. Defendant's Reply in Support does not contest any of these allegations. Legal standards for reviewing a Motion to Dismiss allow the Court to consider a "hypothetical" set of facts – which the Court does in this case. Further discovery of facts may result in a change in the outcome at a later stage in this suit.

in Kentucky, the Court concludes that Indiana's choice of law rules call for the conclusion that Kentucky's tort laws, including the Kentucky Unfair Claims Settlement Practices Act, must be applied.

## Conclusion

For the reasons outlined above, Defendants' Motion to Dismiss is **DENIED.**

**SO ORDERED.**

**Dated:** 10/13/2006

WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Electronic copies to:**

Robert Anthony Florio
raflorioatty@hotmail.com

Michael Kessell Nisbet
LANDRUM & SHOUSE
mnisbet@landrumshouse.com

Jennifer Kirkpatrick Nordstrom
FREUND FREEZE & ARNOLD
jnordstr@ffalaw.com