UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| JENNIFER CALDERON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:06-cv-35-WGH-SEB |
| | ) | |
| JOYCE MELHISER and | ) | |
| STATE AUTO, | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY ON DEFENDANT STATE AUTO'S
## MOTION FOR SUMMARY JUDGMENT

### Introduction

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on the Motion of Defendant, State Auto Insurance Company, for Summary Judgment filed November 29, 2006. (Docket Nos. 34-35).[1] No response has been filed by the plaintiff, Jennifer Calderon.

### Background

Plaintiff, Jennifer Calderon, is an Indiana citizen and resident[2] who was injured in an automobile accident in Clark County, Indiana, on April 7, 2004.

_____

[1]The parties consented to Magistrate Judge jurisdiction in this case in their Case Management Plan filed August 11, 2006. (Docket No. 20). District Judge Sarah Evans Barker entered an Order of Reference on August 22, 2006. (Docket No. 23).

[2]Initially plaintiff asserted that she was a Kentucky resident. However, at her deposition it was revealed that she has not lived in Kentucky. (Deposition of Jennifer Calderon ("Calderon Dep.") at 4-9).

(Complaint ¶¶ 1, 7; Defendant's Motion for Summary Judgment at 2).  The vehicle that plaintiff was operating was struck by a vehicle owned and operated by defendant Joyce Melhiser, an Indiana resident.  (Complaint ¶¶ 2, 7-8).  Defendant State Auto entered into an insurance contract with defendant Melhiser covering the vehicle at issue in this case.  (Complaint ¶ 9).  Plaintiff filed her Complaint alleging that defendant Melhiser was negligent in the operation of her vehicle.  Plaintiff also includes in her Complaint a second count that alleges that defendant State Auto failed to act in good faith in settling the claim in violation of Kentucky Revised Statute 304.12-230.  (Complaint ¶ 16).[3]  Defendant State Auto filed the pending motion for summary judgment arguing that the suit should be dismissed for lack of subject matter jurisdiction and that Count II of plaintiff's Complaint is without merit because Kentucky law does not apply.

The court concludes that, for the following reasons, defendant State Auto's Motion for Summary Judgment should be **GRANTED.**

## Legal Standard

Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled

---

[3]A typographical error occurred in the Complaint.  Hence, after paragraph nine in the Complaint the numerical sequence begins again at paragraph six and concludes with paragraph 14.  For clarity's sake, the court will refer to the paragraphs according to their order in the Complaint.  Misnumbered paragraph six will be referred to as paragraph ten since it is actually the tenth paragraph.  This renumbering will continue throughout the Complaint and will conclude with misnumbered paragraph 14 which will be referred to as paragraph 18 since it is the eighteenth paragraph.

to a judgment as a matter of law." FED.R.CIV.P. 56(c).  The motion should be granted so long as no rational fact finder could return a verdict in favor of the nonmoving party.  *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Thus, a court's ruling on a motion for summary judgment is akin to that of a directed verdict, as the question essentially for the court in both is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.  When ruling on the motion, the court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences therefrom in that party's favor.  *Id.* at 255.  If the nonmoving party bears the burden of proof on an issue at trial, that party "must set forth specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e); *see also Silk v. City of Chicago,* 194 F.3d 788, 798 (7th Cir. 1999).  Lastly, the moving party need not positively disprove the nonmovant's case; rather, it may prevail by establishing the lack of evidentiary support for that case.  *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).

## <u>Analysis</u>

This is a suit that was originally brought pursuant to the court's diversity jurisdiction.  However, 28 U.S.C. § 1332 provides that this court has jurisdiction only over civil actions where the amount in controversy exceeds $75,000 and involves "citizens of different states."  In the landmark case of *Strawbridge v. Curtiss,* the United States Supreme Court ruled that for a federal court to have

jurisdiction under Section 1332 there must be complete diversity, meaning that every plaintiff must be from a different state than every defendant.  *Strawbridge v. Curtiss,* 7 U. S. 267, 2 L.Ed. 435 (1806).  In this case, plaintiff is a citizen of Indiana (Calderon Dep. at 4-9) and defendant Melhiser is a citizen of Indiana. (Complaint ¶¶ 2, 7-8).  Thus, the court lacks subject matter jurisdiction.  Rule 12(h)(3) of the Federal Rules of Civil Procedure indicates that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."  FED.R.CIV.P. 12(h)(3). Because the court lacks jurisdiction over the subject matter of this suit, it must be **DISMISSED.**

## Conclusion

For the reasons outlined above, defendant's Motion for Summary Judgment is **GRANTED.**  Plaintiff's claims are **DISMISSED.**

**SO ORDERED.**

**Dated:**  January 18, 2007

_____
WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Electronic copies to:**

Robert Anthony Florio
raflorio@hotmail.com

Michael Kessell Nisbet
LANDRUM & SHOUSE
mnisbet@landrumshouse.com

Jennifer Kirkpatrick Nordstrom
FREUND FREEZE & ARNOLD
jnordstr@ffalaw.com